The first term of the Supreme Court of the State of *Ala-bama*, began on the second *Monday* in *May*, 1820, at *Cahawba.*—Present, Judges *Clay*, *Webb*, *Saffold* and *Ellis.* The Court appointed Judge *Clay*, Chief Justice.

### Barlow *against* Garrow.

*Monday, May, 1820.*

*GARROW* brought an action of Assumpit against *Barlow*, in the Superior Court of *Mobile* County. Declaration entitled " Mississippi Territory of the United States' Mobile County, ss," sets out an Indebitatus Assumpsit, by defendant to plaintiff, at the City of *New Orleans*, omitting " viz. at the County of *Mobile.*" Issues on the pleas of Non-Assumpsit, and Statute of limitations. Verdict and Judgment for plaintiff. *Barlow* here assigns for error, " that the venue laid in the declaration was not within the jurisdiction of the Superior Court of *Mobile* County."

*In assumpsit. Venue improperly laid in the body of the declaration. Defect cured after verdict by reference to margin.*

*Crawford* and *Hitchcock*, for plaintiff in error, cited 1st Sel. Prac. 245. 1st Chit. Pl. 285. Co Litt. 125. A. Tidd's Prac. 270, 272, 273. Cowper, 20. 6 Cra. 225. 2d T. R. 644, 2 Ld. Ray. 1212.

*Elliot*, for defendant in error, cited 1st Chit. Pl. 400, 219.

The Chief Justice delivered the opinion of the Court. In local actions, the venue is matter of substance, and must be properly laid to give jurisdiction. In transitory actions, it is but matter of form ; and the jurisdiction of the Court does not depend upon the place where the cause of action

1

MAY, 1820.

Barlow
v.
Garrow.

arose, or the contract was made. In this case, it would have been but a formal fiction to say " at *New Orleans*, to wit in the County of *Mobile* ;" and, in my opinion, the defect is clearly cured by the verdict. My brethren concur in affirming the Judgment, but on the ground that the defect is cured by reference to the Margin of the declaration.

By all the Court—Let the Judgment of the Court below be affirmed.